**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

James P. Segall-Gutierrez, Esq. (SBN 240439)
**LAW OFFICES OF JAMES P. SEGALL-GUTIERREZ**
301 W. Mission Blvd., Suite 8
Pomona, California 91766
(562) 321-5950
jpsglaw@gmail.com

Attorneys for Plaintiff Torey Costello

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOREY COSTELLO,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Excessive / Unreasonable Force (U.S. Const. Amend. 4);<br>2. Freedom of Speech / Assembly (U.S. Const. Amend. 1);<br>3. Municipal Liability (*Monell* Liability) For Failure To Train And/Or Discipline Deputies And Officers (U.S. Const. Amends. 1, 4 & 14);<br>4. Municipal Liability (*Monell* Liability) For Custom / Practice / Policy (U.S. Const. Amends. 1, 4 & 14)<br><br>**JURY TRIAL DEMANDED** |

  **COMES NOW** Plaintiff Torey Costello and shows this honorable court the following:

COMPLAINT FOR DAMAGES
1

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Torey Costello, hereinafter referred to as "COSTELLO" or "Plaintiff COSTELLO", is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California.

4. Defendant City of Los Angeles, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Los Angeles Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action,

COMPLAINT FOR DAMAGES

2

whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

6.  At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

7.  Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Los Angeles Police Department and/or defendant City of Los Angeles, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or

contributing to the creation of the policies and/or practices and/or customs and/or usages of the Los Angeles Police Department for, *inter alia*,: 1) using excessive force upon persons; 2) for retaliating against persons for exercising freedom of speech and assembly; and 3) covering up tortious conduct by Los Angeles Police Department peace officers.

8. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Los Angeles Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

9. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace

officers, with the Los Angeles Police Department and/or otherwise with defendant CITY[1].

10. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend her complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

11. In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of her federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

12. Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

13. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation

---

[1] Such as a CITY executive officer.

of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights -
### Excessive/Unreasonable Use of Force on Person
### (Against DOES 1 through 6, inclusive)

14. Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 13 inclusive, above, as if set forth in full herein.

15. On May 29, 2020, at 8:45 p.m., at the intersection of Figueroa and Seventh Street in Los Angeles, California, COSTELLO joined kneeling protestors' continued peaceful praying for the family of George Floyd.

16. At or around 9:05 PM, Los Angeles Police Department officers began shoving people to the ground and began to fire tear gas and flares into the crowd.

17. At or about 9:10 to 9:35 PM, a teenage girl who was kneeling in the middle of the street was having a panic attack while DOES 1 through 6, inclusive, held a gun in her face.

18. COSTELLO decided to help the young woman stand up. As COSTELLO assisted the young woman, DOES 1 through 6, inclusive, began brutally hitting COSTELLO on her shoulder with their guns.

19. A bystander intervened and prevented DOES 1 through 6, inclusive, from continuing to brutalize COSTELLO.

COMPLAINT FOR DAMAGES
6

20. As a result of the brutal and unreasonable force used upon COSTELLO, Plaintiff COSTELLO suffered serious injuries to her shoulder.

21. The actions of Defendants DOES 1 through 6, inclusive, as complained above herein, constituted a violation of COSTELLO's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon her person.

22. As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, COSTELLO was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $2,000,000.00.

23. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of COSTELLO's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save CITY, in an amount to be proven at trial, in excess of $1,000,000.00.

/ / /

/ / /

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of First Amendment Rights - Freedom of Speech
### (Against Defendants DOES 1 through 6, inclusive)

24. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 23, inclusive, above, as if set forth in full herein.

25. Moreover, the conduct of Defendants DOES 1 through 6, inclusive, violated COSTELLO's right to freedom of speech and right to assembly, specifically when DOES 1 through 6, inclusive retaliated against COSTELLO for participating in a protest against police abuse and prayer for the George Floyd family.

26. A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiff as complained of in this action, was COSTELLO's exercise of her right to freedom of speech under the First Amendment to the United States Constitution.

27. Moreover, said defendants would not have taken said adverse actions against COSTELLO, had COSTELLO not exercised her right to freedom of speech under the First Amendment to the United States Constitution.

28. The conduct of DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

29. As a direct and proximate result of said adverse actions taken against said plaintiff by said defendants as described above, plaintiff suffered serious

bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $2,000,000.00.

30. The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $1,000,000.00.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
**(Against Defendant CITY)**

31. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 30, inclusive, above, as if set forth in full herein.

32. As complained of herein above, the acts of Defendants DOES 1 through 6, deprived plaintiff of her rights under the laws of the United States and The United States Constitution.

33. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff, including training on: 1) when they are permitted to use force against persons and the reasonable amount of

force and 2) that they may not retaliate against persons who are exercising free speech and assembly.

34. CITY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

35. The failure of CITY to provide adequate training caused the deprivation of plaintiff's rights by Defendants DOES 1 through 6, inclusive.

36. CITY's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

37. As a direct and proximate result of the actions CITY, complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

**FOURTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(Against Defendant CITY)**

38. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37 inclusive, above, as if set forth in full herein.

39. As shown above, the actions of Defendants DOES 1 through 6,

inclusive, deprived the plaintiff of her particular rights under the United States Constitution, as described above.

40. At all times complained of herein, Defendants DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Los Angeles Police Department / defendant CITY:  1) for using excessive force upon persons; 2) for retaliating against person who peacefully protest and assembly; and 3)  for covering-up unlawful and tortious conduct by Los Angeles Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

41. Said actions of said defendants were done by them under the color of state law.

42. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants CITY, above-described, said defendants committed said actions complained of above.

43. As a direct and proximate result of the actions of defendants CITY, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $1,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

*/S/ Gregory Peacock*_____
GREGORY PEACOCK